UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL B. NORFLEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-01232 |
| | ) CHIEF JUDGE CRENSHAW |
| HEATHER ANN RENNER, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is the Unopposed Motion to Dismiss (Doc. No. 21) filed by the City of Waverly, Tennessee, John Doe #1, and John Doe #2 (the "Waverly Defendants"). The Magistrate Judge entered an Order on October 5, 2017, requiring Plaintiff to respond to the Motion to Dismiss on or before October 24, 2017. (Doc. No. 23 at 2.) Plaintiff filed no such response. See M.D. Tenn. L.R. 7.01(b) (failure to respond to a motion indicates that the nonmoving party has no opposition). Without opposition, as well as for the following reasons, the Waverly Defendants' Motion is **GRANTED**.

The one-year statute of limitations would apply to the officers yet-to-be-named as John Does in the lawsuit, and therefore those claims must be dismissed as time-barred. Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008) (citing Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000)); Moore v. Tennessee, 267 Fed. App'x 450, 455 (6th Cir. 2008). If Plaintiff substitutes the correct defendant for the John Doe Defendants, the claims will be time-barred. Therefore, the Court grants the Motion to Dismiss the John Doe Defendants.

Plaintiff does not state a claim upon which relief can be granted against Waverly. FED. R. CIV. P. 12(b)(6). On Count 1, the only allegation against Waverly is that the Doe Defendants were

employees of Waverly. However, a municipality cannot be sued under § 1983 "solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978). On Count 2, Plaintiff alleges that it is the "policy and custom of the Waverly Police Department to inadequately investigate the authenticity of warrants and charges from other jurisdictions." (Doc. No. 1 at 8.) This conclusory statement, without any factual development in the Complaint, is not sufficient to survive a Motion to Dismiss. Bickerstaff v. Lucarelli, 830 F.3d 388, 401 (6th Cir. 2016) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court also dismisses the claims against Waverly.

Accordingly, the Waverly Defendants' Motion to Dismiss (Doc. No. 21) is **GRANTED**. The City of Waverly, John Doe #1, and John Doe #2 are **TERMINATED** as defendants in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE