# IN THE UNITED STATES DISTRICT COURT
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Daniel B. Norfleet, | ) |
| | ) Case No. 3:17-cv-1232 |
| Plaintiffs | ) |
| | ) Judge Crenshaw |
| v. | ) Magistrate Judge Holmes |
| | ) |
| Heather Ann Renner, et al., | ) |
| | ) |
| Defendants | ) |

## DENIAL OF ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default Judgment against Defendant (Docket Entry No. 55). The Clerk will construe the motion as a request for entry of default pursuant to Federal Rule of Civil Procedure (FRCP) 55(a), as no default judgment may be granted pursuant to FRCP 55(b) until default has been entered pursuant to FRCP 55(a). *U.S. v. $22,050.00 U.S. Currency,* 2008 WL 4093066 at page 3 (M.D. Tenn. Aug. 26, 2008)*; Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004).

The motion as construed is denied. Plaintiff has not provided an adequate affidavit of military service as required by the Servicemembers Civil Relief Act of 2003 (50 App. U.S.C. 501 et seq.). The Act requires that an affidavit be submitted that states "whether or not the Defendant is in military service and **showing facts necessary to support the affidavit**" (emphasis added). Plaintiff's "affidavit" merely states that Defendant Renner is not in the military service and provides no such facts. Information on the military status of an individual can be obtained at the Department of Defense website at https://scra.dmdc.osd.mil/scra/. A sworn statement or declaration providing facts demonstrating that the defendant is not in the military service also could be accepted. Factors such as

the age of Defendant if beyond the age for service or current employment in another position can be considered.

In addition, Plaintiff's "affidavit" is inadequate in that it is not notarized, nor is it made subject to penalty of perjury and as such cannot be construed as a Declaration; which would not require notarization. Finally, it does not appear as if the motion has been properly served upon Defendant Renner. The certificate of service indicates it was served upon Defendant at the same address to which the initial service of the complaint was directed. That attempt at service was returned undeliverable with the notation "NO FOUND AT ADDRESS" (Docket Entry No. 9). Service was reattempted and successful at the Houston County Courthouse (Docket Entry No. 27).

s/ *Keith Throckmorton*
Keith Throckmorton
Clerk of Court