IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANIEL B. NORFLEET )
 )
 v. ) NO. 3:17-1232
 )
HEATHER ANN RENNER, et al. )

**TO: Honorable Waverly D. Crenshaw, Chief District Judge**

# REPORT AND RECOMENDATION

By Order entered July 11, 2019 (Docekt Entry No. 98), the third motion of Daniel B. Norfleet for default judgment as to Heather Renner (Docket Entry No. 96) was referred to the Magistrate Judge for a Report and Recommendation. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I. BACKGROUND

In January 2015, the Houston County, Tennessee Circuit Court placed Daniel Norfleet ("Plaintiff") on supervised probation for a six-year term. *See* Complaint (Docket Entry No. 1) at ¶19. One of Plaintiff's probation conditions was that he "not behave in a manner that poses a threat to others or myself," and, on September 7, 2016, Heather Renner ("Renner"), who was Plaintiff's state probation officer, prepared an affidavit and presented it to Houston County, Tennessee Judicial Commissioner Judy Farris ("Farris"), alleging that Plaintiff had violated this condition. *See* Docket Entry No. 1-2. Specifically, Renner alleged in her affidavit that "subject is a threat to himself at this time." *Id*. No other allegations were made in the affidavit. On that day, Farris issued a warrant to

seize and hold Plaintiff until a hearing occurred. The warrant was sent to the county where Plaintiff was located, and two City of Waverly police officers subsequently arrested Plaintiff and took him to the Houston County Jail. Plaintiff was held at the jail without bond until February 7, 2017, when a trial judge from the Houston County Circuit Court dismissed the warrant on the ground that the judicial commissioner lacked authority to issue it. Plaintiff was then released. There is no explanation in the record for the length of time it took before Plaintiff had a hearing.

Having been held in jail for 153 days on a warrant that was eventually dismissed, Plaintiff thereafter filed this lawsuit on September 6, 2017, seeking $300,00.00 in damages against Renner, Farris, Houston County, Tennessee ("Houston County"), the Houston County Sheriff's Office ("Sheriff's Office"), Houston County Sheriff Kevin Sugg ("Sugg"), the City of Waverly, Tennessee ("City of Waverly"), and two unidentified "John Doe" police officers for the City of Waverly. The crux of Plaintiff's lawsuit is that Renner's affidavit did not establish probable cause and, thus, resulted in a facially deficient warrant and that Farris, as a judicial commissioner, had no power to issue the probation-revocation arrest warrant. Plaintiff raised several theories of liability as to why the other defendants were likewise liable to him because of the actions they took in seizing and holding him in custody on the warrant. Plaintiff raised claims that Defendants violated his constitutional rights to be free from an unreasonable seizure (Count 1) and to due process (Count 2). *Id*. at ¶¶ 43-73. He also brought a state law claim against Houston County for negligent hiring, retention, and supervision (Count 3) and a state law claim against all Defendants for negligent infliction of emotional distress (Count 4). *Id*. at ¶¶ 10-11.

As a result of pretrial proceedings, all Defendants other than Renner have been dismissed from the case. *See* Order entered June 13, 2019 (Docket Entry No. 88) (Defendant Farris);

2

Memorandum Order entered August 29, 2018 (Docket Entry No. 77) (Houston County Defendants); and Order entered November 3, 2017 (Docket Entry No. 29) (City of Waverly Defendants).

Although process for Renner was initially unable to be served upon her by mail, *see* Docket Entry No. 9, Plaintiff had Renner personally served on October 23, 2017. *See* Docket Entry No. 27. The Clerk entered default against Renner on June 11, 2018, after she failed to answer or otherwise appear in the case. *See* Entry of Default (Docket Entry No. 63). On two occasions, Plaintiff's motions for the entry of default judgment against Renner were denied, *see* Orders entered June 18, 2018 (Docket Entry No. 66), and July 5, 2019 (Docket Entry No. 95), before he filed the currently pending motion.

By his third motion, Plaintiff requests that the Court enter a default judgment as to Renner in accordance with the provisions of Federal Rule of Civil Procedure 55(b)(2). In support of this request, Plaintiff relies on the affidavit of one of his counsel of record, Neil E. Barnes. *See* Docket Entry No. 96-1. Barnes attests that: (1) he is intimately familiar with the case; (2) the Complaint was filed on September 6, 2017; (3) a copy of the Complaint and a summons were served on Renner on October 23, 2017; (4) more than 21 days has elapsed since said service and Renner has not filed an answer; (5) Renner has failed to appear, plead or otherwise defend herself in this action; (6) Norfleet is entitled to default judgment against Renner; and, (7) Norfleet's claim is in the amount of $300,000.00. *Id*. at 1. The certificate of service for Plaintiff's motion states that it was mailed to Renner at the address at which process was unsuccessfully attempted and to another address in Clarksville, Tennessee.[1] Defendant Renner has not responded to the motion.

---

[1] Plaintiff does not explain why the motion was mailed to Renner at the new address or how the new address for Renner was discovered.

## II. ANALYSIS

In accordance with Rule 55(b) of the Federal Rules of Civil Procedure, only the Court may enter a default judgment when a moving party seeks the entry of a default judgment for a sum that is not certain or cannot be made certain by computation. *See* Rule 55(b)(2).[2] The discretion to enter a default judgment is firmly committed to the Court. *Lincoln v. Comm'r of Soc. Sec.*, 62 Fed.App'x 93, 94 (6th Cir. 2003); *AF Holdings LLC v. Bossard*, 976 F.Supp.2d 927, 929 (W.D.Mich. 2013).

Once default has been entered against a party under Rule 55, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional statements. *Visioneering Constru. V. U.S. Fid. & Guar.,* 661 F.2d 119, 124 (6th Cir. 1981); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). However, the default is not considered an admission of damages. *Vesligaj v. Peterson*, 331 Fed.App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved."). Thus, while liability may be shown by well-pleaded allegations, damages may not, and a party moving for default judgment must establish and prove the extent of damages by presenting evidence of its damages. *Antoine*, 66 F.3d at 110; *Visioneering Constr.*, 661 F.2d at 124.

After review of the record, the Court finds that Plaintiff's motion should be denied for two reasons. First, the affidavit submitted by Plaintiff is insufficient to support the request for damages. The affidavit is from one of Plaintiff's attorneys, not from Plaintiff himself, and thus offers no actual evidence of damages. Further, the affidavit merely states that Plaintiff's claim is for $300,000.00,

---

[2] The Court has already determined that Plaintiff's request for $300,000.00 in damages is not for a sum certain under Rule 55(b)(1). *See* Order Entered July 5, 2019 (Docket Entry No. 95).

4

an assertion that simply mirrors the request for relief in the complaint. Plaintiff has not established any damages, let alone damages in the amount of $300,000.00.

Second, Plaintiff's factual allegations, even if deemed to be admitted by virtue of the default, are insufficient to state a claim against Defendant Renner that would entitle Plaintiff to relief and to the default judgment that he seeks. The Court should deny a motion for default judgment when the complaint fails to state a claim upon which relief can be granted. *Harrison v. Bailey*, 107 F.3d 870 (6th Cir. 1997); *Allstate Life Ins. Co. of New York v. Tyler-Howard*, 2019 WL 4963230 at *1 (M.D.Tenn. Oct. 8, 2019) (Campbell, J.); *Harris v. Cooley*, 2019 WL 1573260 at *1 (S.D.Ohio April 11, 2019); *Lee v. United Serv. Assocs., Inc.*, 2007 WL 2788459 at * 1 (E.D.Tenn. Sept. 24, 2007).

In the instant case, Defendant Renner's only actual alleged conduct is that, in her role as a probation officer assigned to Plaintiff, she filled out an affidavit asserting that Plaintiff had committed a probation violation and sought an arrest warrant against him by submitting the affidavit to a judicial commissioner. However, the Sixth Circuit determined that Defendant Farris, the judicial commissioner to whom Renner submitted her affidavit, is entitled to absolute judicial immunity for issuing the arrest warrant that was based upon Renner's affidavit. *See Norfleet v. Renner,* 924 F.3d 317 (6th Cir. 2019).[3] An immunity shield likewise applies to Defendant Renner because it is well settled that probation officers performing the type of duties that Renner performed are entitled to quasi-judicial immunity. *Huffer v. Bogen*, 503 Fed.App'x 455, 461 (6th Cir. 2012); *Loggins v. Franklin Cnty.*, 218 Fed.App'x. 466, 476 (6th Cir.2007); *Kizer v. Gordon,* 2012 WL 4711991 at *3 (M.D.Tenn. Oct. 3, 2012) (Sharp, J.) (defendant was entitled to immunity because he

---

[3] *See* Docket Entry No. 85.

was functioning as a probation officer in presenting information to the state court and advocating for a finding that the plaintiff had violated the terms of his probation); *Humphrey-Fitts v. Duke*, 2012 WL 3991699 at *2 (M.D.Tenn. Sept. 11, 2012) (Campbell, J.) ("Functioning as a probation official is a judicial function for which [defendant] is entitled to quasi-judicial immunity.").

Accordingly, Defendant Renner is entitled to quasi-judicial immunity from Plaintiff's two claims brought under 42 U.S.C. § 1983. Tennessee law also provides probation officers with the protection of quasi-judicial immunity for actions taken in the performance of their duties. *Jackson v. Metropolitan Government of Nashville*, 2010 WL 2287639 at *4-6 (Tenn.Ct.App. June 7, 2010). Thus, Defendant Renner is entitled to quasi-judicial immunity from Plaintiff's state law claim.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that:

(1) Plaintiff's motion for a default judgment as to Heather Renner (Docket Entry No. 98) be DENIED and the claims against Defendant Heather Renner be DISMISSED; and,

(2) a final judgment be entered in this action in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge

7

Case 3:17-cv-01232   Document 100   Filed 01/27/20   Page 7 of 7 PageID #: 659